■ NATIONAL WESTMINSTER BANK PLC, Appellant, v ANTHONY MULLER, Respondent. [655 NYS2d 512] —Order, Supreme Court, New York County (Edward Lehner, J.), entered October 3, 1996, which denied plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $55,440.45, together with interest.

When defendant was terminated from his employment with plaintiff, the parties entered into a written agreement which provided, *inter alia*, that plaintiff would pay defendant's salary through December 12, 1994. These payments in fact continued until September 1995, at which time plaintiff notified defendant that the overpayment was in error and requested that defendant return the overpaid funds. Upon defendant's refusal, plaintiff commenced this action and moved for summary judgment. Defendant, in opposition, stated that during severance discussions prior to the execution of the severance agreement, plaintiff's vice-president indicated that plaintiff "might be

receptive" to "accord [him] * * * additional severance" beyond December 12, 1994, if he was still unemployed at that time. In addition, defendant stated that in December 1994, prior to the expiration of his severance benefits, he "contacted [plaintiff's vice-president] to advise him that [he] was still unemployed * * * and to ask whether [plaintiff] would continue paying [him] severance."

The IAS Court denied summary judgment since it was unable "to determine as a matter of law, whether the [additional] payments made to defendant * * * were paid in mistake and that defendant thus has been unjustly enriched, or whether plaintiff decided to make additional payments to defendant because of his continued unemployment after many years of service with the plaintiff." We reverse and grant summary judgment to plaintiff for the overpaid funds.

Defendant has failed to raise a triable issue of fact as to whether the additional payments were made by mistake. His statements that, at the time the parties executed the severance agreement, plaintiff's vice-president indicated that plaintiff "might be receptive" to extending the severance benefits beyond the cutoff date and that, as that date approached, he "contacted" plaintiff's vice-president to see whether the payment could be continued fail to set forth the specifics of any conversation in which plaintiff agreed to extend the payments or even agreed to consider such an extension. Nor does defendant specifically set forth any conversation in which he notified plaintiff that he remained unemployed in December 1994. His bald, conclusory assertion that he "contacted" plaintiff's vice-president "to advise him" of his continued unemployed status is bereft of evidentiary value and insufficient to defeat summary judgment. (See, Liddle, O'Connor, Finkelstein & Robinson v Koppelman, 215 AD2d 204.) Concur—Sullivan, J. P., Milonas, Rosenberger and Wallach, JJ.